United States District Court
Southern District of Texas
**ENTERED**
November 09, 2026
Nathan Ochsner, Clerk

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**LAREDO DIVISION**

| | | |
|---|---|---|
| **ORLANDO EUGENIO PARADA MANCIA,** | § | |
| | § | |
| **Petitioner,** | § | |
| | § | |
| **V.** | § | **CIVIL ACTION NO. 5:26-CV-1956** |
| | § | |
| **WARDEN OF THE WEBB COUNTY DETENTION CENTER, *et al.*,** | § | |
| | § | |
| **Respondents.** | § | |

**ORDER**

Before the Court is Petitioner's Motion/Application to Proceed In Forma Pauperis, (Dkt. No. 3). Pursuant to 28 U.S.C. § 1915, a claimant wishing to proceed *in forma pauperis* ("IFP") must submit "an affidavit that includes a statement of all assets such [claimant] possesses . . . . Such affidavit shall state the nature of the action, defense or appeal and [claimant's] belief that the person is entitled to redress." 28 U.S.C. § 1915(a)(1). The decision whether to grant an application to proceed *in forma pauperis* falls within the sound discretion of the Court. *See Prows v. Kastner*, 842 F.2d 138, 140 (5th Cir. 1988); *see* 28 U.S.C. 1915(a)(1). When a court determines whether to grant *in forma pauperis* status, it should not consider the substance of the complaint. *See Eason v. Holt*, 73 F.3d 600, 602 n.10 (5th Cir. 1996). Rather, a court should examine the applicant's financial records and determine whether the applicant would suffer "undue financial hardship" if they were required to pay the filing fee. *Prows*, 842 F.2d at 140.

Here, Petitioner Orlando Eugenio Parada Mancia filed a sworn declaration in support of his fee waiver request. (Dkt. No. 3). This form, while not identical to the standard form AO 240, provides substantially the same information as what would be requested in the standard

form.[1] For that reason, the Undersigned finds that there is sufficient information provided to determine the impact of prepayment of the filing fee.[2] Having reviewed Petitioner's application, the Court finds that Petitioner would suffer undue financial hardship if he were required to prepay the filing fee. Accordingly, the Court **GRANTS** Petitioner's Motion/Application to Proceed In Forma Pauperis, (Dkt. No. 3), and authorizes him to commence this action without prepayment of fees.

It is so **ORDERED**.

**SIGNED** on November 9, 2026.

Brian C. Bajew
Brian C. Bajew
United States Magistrate Judge

[1] *See* https://www.uscourts.gov/forms-rules/forms/application-proceed-district-court-without-prepaying-fees-or-costs-short-form.

[2] While Petitioner is detained for civil immigration purposes, he is not a prisoner as defined by statute and thus is not required to provide a certified copy of a trust fund account statement. *See* 28 U.S.C. § 1915(h) ("As used in this section, the term "prisoner" means any person incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms and conditions of parole, probation, pretrial release, or diversionary program.")